UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BARBARA FORD,<br><br>　　　　Plaintiff,<br><br>v.<br><br>PACIFIC WEBWORKS, INC., and<br>JOHN DOE DEFENDANT,<br><br>　　　　Defendants. | Case No:<br><br>Judge: |

## NOTICE OF REMOVAL

Defendant Pacific Webworks, Inc. ("Webworks") hereby removes the above-captioned action from the Circuit Court of Cook County, Illinois, County Department, Chancery Division, Civil No. 09CH44278, pursuant to 28 U.S.C. § 1453(b) and 28 U.S.C. § 1446(a), to the United States District Court for the Northern District of Illinois. In support of its removal, Webworks states as follows:

　　　　1.　　Plaintiff Barbara Ford filed her Class Action Complaint in the Circuit Court of Cook County, Illinois, County Department, Chancery Division on or about November 9, 2009 (a copy of the complaint is appended hereto as Exhibit A). The Class Action Complaint was served on a registered agent of Webworks on November 20, 2009 (a copy of the summons is appended hereto as Exhibit B). No other pleadings have been filed or otherwise received by Webworks.

　　　　2.　　As required by 28 U.S.C. § 1446(b), this Notice of Removal is filed with this Court within thirty days of Webworks' receipt of the Complaint.

### DIVERSITY OF CITIZENSHIP

　　　　3.　　Plaintiff Barbara Ford is an Illinois resident. (Pl.'s Compl. ¶ 1.) Webworks is a corporation organized under the laws of the State of Nevada. (Id. ¶ 2.) Webworks does business in a number of states. Webworks is headquartered in Salt Lake City, Utah. (Id.) As explained below, the number of members of all proposed plaintiff classes in the aggregate is greater than

100, and no defendant is a state, state official, or governmental entity. See 28 U.S.C. § 1332(d)(5). Therefore, there is diversity of citizenship between Ms. Ford and Webworks, and the diversity requirement is met under the Class Action Fairness Act, as defined under 28 U.S.C. § 1332(d)(2)(A).

## AMOUNT IN CONTROVERSY

4. Plaintiff Barbara Ford seeks damages on behalf of herself and "a Class of similarly situated individuals," defined as "all Illinois residents who submitted payment information to Pacific Webworks for the purpose of obtaining Pacific Webworks's products or services, and who were charged any amount other than the stated shipping and handling or discounted fee." (Compl. ¶ 43.)

5. Plaintiff's complaint does not allege an amount in controversy; it specifically disclaims doing so. The complaint states that the "Plaintiff makes no specific allegation that the amount in controversy (including requests for attorney's fees, injunctive relief, etc.) exceeds any specific amount. Specifically, Plaintiff makes no allegations that the amount in controversy exceeds $5,000,000." (Compl. ¶ 42.) Importantly, Plaintiff and the putative class do not affirmatively limit the damages claimed to an amount less than $5,000,000. See Shaw v. Dow Brands, Inc., 994 F.2d 365, 366 (7th Cir. 1993) (when a plaintiff designates an amount in controversy in good faith and that amount precludes federal jurisdiction, state jurisdiction will stand "so long as the plaintiff, should she prevail, isn't legally certain to recover more").

6. When the plaintiff does not allege an amount in controversy, as is the case here, the defendant can remove to federal court based on a plausible showing that the amount in controversy exceeds the jurisdictional threshold. Shaw v. Dow Brands, Inc., 994 F.2d 364, 366 (7th Cir. 1993); Spivey v. Vertrue, Inc., 528 F.3d 982, 986 (7th Cir. 2008) ("Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million . . . then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.").

7. The Class Action Fairness Act provides for federal court jurisdiction over class action suits when the "amount in controversy" exceeds $5 million. See 28 U.S.C. § 1332(d)(2)

(emphasis added). In petitioning this Court for removal, Webworks in no way concedes the truth of the allegations in the Complaint, admits liability, or concedes that Plaintiff or members of the class would be entitled to recover any or all of the amounts claimed. (See Declaration of Ken Bell ("Bell Decl.") ¶ 3 (appended hereto as Exhibit C).) Such an admission is not required. "[T]he statute does not make federal jurisdiction depend on how much the plaintiff is due to recover. The question is what amount is in controversy." Spivey, 528 F.3d at 985-86 (internal citations omitted). In calculating the amount in controversy, Webworks relies on the allegations in the Complaint and assumes their truth for the purposes of this Notice of Removal only. Id.; see also Brill v. Countrywide Home Loans, Inc., 427 F.3d 446, 449 (7th Cir. 2005) (holding that defendant "did not have to confess liability in order to show that the controversy exceeds the threshold…. [P]art of the removing party's burden is to show not only what the stakes of the litigation could be, but also what they are given the plaintiff's actual demands…. The demonstration concerns what the plaintiff is claiming (and thus the amount in controversy between the parties), not whether plaintiff is likely to win or be awarded everything he seeks.") Thus, without admitting liability or damages, Webworks respectfully submits that the amount in controversy in this case exceeds the $5 million threshold for federal jurisdiction.

8.  Plaintiff seeks each of the following five categories of damages, which must be considered for the purposes of determining the amount in controversy: (1) general damages, which require an examination of purportedly unauthorized charges to the credit and debit cards of the putative class; (2) punitive damages; (3) attorneys' fees; (4) "civil penalties"; and (5) injunctive relief, which would affect Webworks' prospective operations. (Compl. ¶ 64.)

General Damages

9.  Plaintiff seeks compensation for putative class members, who would potentially include all Webworks' customers residing in Illinois. (Compl. ¶ 43.) Under the first cause of action, the Plaintiff and the putative class seek actual and compensatory damages under the Illinois Consumer Fraud and Deceptive Business Practices Act ("CFDBPA"). (Compl. ¶ 64.) Under the fourth cause of action, the Plaintiff and the putative class seek restitution of "charges

3

placed on their credit card bills by Pacific Webworks." (Compl. ¶ 82.) Under the fifth cause of action, the Plaintiff and the putative class claim that Webworks breached a contract with the Plaintiff and potential class members by adding "additional undisclosed charges" on their credit and debit cards. (Compl. ¶ 89.)

10. To determine the amount in controversy for these claims, the Court must consider charges on accounts of Illinois customers from April 2007 to the present. (Bell Decl. ¶ 5.) According to the allegations of the complaint, Ms. Barbara Ford was charged an additional $79.90 per month for which she seeks restitution. (Compl. ¶ 36.) In addition to this $79.90 monthly charge, the Complaint alleges that customers are also frequently charged an additional $24.90 per month for an additional product. (Compl. ¶¶ 29-30.)

11. For the period from April 2007 to the present, Webworks had 26,474 customers who reside in Illinois. (Bell Decl. ¶ 6). All or substantially all of those customers pay Webworks by credit or debit card. (Bell Decl. ¶ 6). Assuming, arguendo, the accuracy of the allegations in the Complaint, and further assuming that each customer was charged only a single monthly charge totaling $104.80, the restitution claim alone would place in controversy the amount of $2,774,475.20. If customers were charged recurring monthly charges as Plaintiff alleges (Compl. ¶¶ 76-80), the amount in controversy would increase by a multiple of that amount.

Punitive Damages

12. Plaintiff also seeks punitive damages. Illinois courts have awarded punitive damages that are the equivalent of actual damages under the CFDBPA, thereby doubling the amount payable by a defendant (a 1:1 ratio). See Note, OEM or Non-OEM Automobile Replacement Parts: The Solution to Avery v. State Farm, 28 FLA. ST. U. L. REV. 543, 544-45 (Winter 2001) (relevant portions appended hereto as Exhibit D); Avery v. State Farm Mut. Auto. Ins. Co., 1999 WL 1022134, at * 2-4 (Ill. Cir. Oct. 8, 1999), judgment affirmed in part and reversed in part by 835 N.E.2d 801 (Ill. 2005) (contract damages of $456,180,000; $130,000,000 in additional equitable relief; and $600,000,000 in punitive damages).

4

13.     Assuming, arguendo, that punitive damages were appropriate here as alleged by the Plaintiff, even a 1:1 ratio places the amount in controversy above $5 million ($2.7 million plus $2.7 million = $5.4 million).  Furthermore, the Seventh Circuit has stated in dicta that when compensatory damages are as low as $1,645 and punitive damages are sought, it is possible for a plaintiff to obtain punitive damages significantly in excess of a 1:1 ratio.  See Gavin v. AT&T Corp., 464 F.3d 634, 641 (7th Cir. 2006).  Here, Plaintiff alleges that the amount of damages claimed by each member of the putative class is low (Compl. ¶ 48), and almost certainly will ask for punitive damages in excess of a 1:1 ratio.  Such a request obviously places the amount in controversy well above $5 million.

Attorneys' Fees

14.     Plaintiff also seeks recovery of attorneys' fees. (Compl. ¶¶ 64, 74, 80, 86, 92.) The Illinois statutes under which the Plaintiff is suing provide for attorneys' fees and consequently can be included in calculating the jurisdictional amount.  See 815 ILCS 505/10a(c) ("the Court . . . may award, in addition to the relief provided in this Section, reasonable attorney's fees and costs to the prevailing party");[1] Azimi v. Ford Motor Co., 977 F. Supp. 847, 851 (N.D. Ill. 1996) ("[A]ttorneys' fees, incidental damages, and punitive damages . . . all . . . count towards the amount in controversy…."); Gardynski-Leschuck v. Ford Motor Co., 142 F.3d 955, 958 (7th Cir. 1998) ("Legal fees may count toward the amount in controversy where the prevailing party is entitled to recover them as part of damages."); Suber v. Chrysler Corp., 104 F.3d 578, 585 (3rd Cir. 1997) ("Although 28 U.S.C. § 1332 excludes 'interests and costs' from the amount in controversy, attorney's fees are necessarily part of the amount in controversy if such fees are available to successful plaintiffs under the statutory cause of action.").

15.     The Plaintiff has retained a purportedly experienced class action firm, KamberEdelson, LLC to bring suit on behalf of the putative class.  (Compl. ¶ 21).  The average

---

[1] "Subsections (f), (g), and (h) of section 10a(c) of the Consumer Fraud Act" were held unconstitutional as special legislation in Allen v. Woodfield Chevrolet, Inc., 802 N.E.2d 752 (Ill. 2003). See Krautsack v. Anderson, 861 N.E.2d 633, 643 n.1 (Ill. 2006).  The rest of the statute remains in force.

5

attorney fee award in class action cases in the federal courts, as determined by a Federal Judicial Center survey, is 29 percent of the total recovery. See Gregory G. Wrobel & Michael J. Waters, "Early Returns: Impact of the Class Action Fairness Act on Federal Jurisdiction Over State Law Class Actions," 21-FALL Antitrust 45, 50 (Fall 2006) (appended hereto as Exhibit E). Plaintiff's request for attorneys' fees therefore places in controversy an additional amount somewhere between $800,000 and $1.5 million (depending on whether a potential punitive damage award is included or not).

16. As shown above, Plaintiff's claims for general damages, punitive damages, and attorneys' fees, by themselves, place the amount in controversy well in excess of $5 million.

Civil Penalties

17. In the prayer for relief, Plaintiff requests that the Court award "civil penalties and/or punitive damages for violations of the above-cited statutes and law." (Compl. at 20.) Plaintiff does not reference any particular statute or law that would entitle Plaintiff or members of a class to recover civil penalties, or specify the amounts or circumstances under which the Court could award civil penalties. But assuming, arguendo that the putative class consists of all or substantially all of Webworks' customers in Illinois (approximately 26,000 individuals), a "civil penalty" award of $200 to each member of the class would, by itself, place in controversy a sum more than $5 million.

Injunctive Relief

18. Plaintiff seeks injunctive relief "requiring the Defendant to cease and desist the illegal conduct stated in this Complaint…." (Compl. ¶ 74.) Additionally, the Plaintiff seeks "an order requiring the Defendant to immediately stop . . . [the] Defendant from enforcing any automatic renewal provisions against Plaintiff and Pacific Webworks Class" under the Automatic Contract Renewal Act, 815 ILCS 601/1 et seq. (Compl. ¶¶ 75, 80.) Although Webworks disputes any implication that its conduct is illegal or that its automatic renewal is in any way unlawful, the injunctive relief sought apparently seeks to close down Webworks' entire business operation. (Compl. ¶¶ 68-71, 74.) By requesting this injunctive relief, Plaintiff is

essentially asking the Court to order Webworks to stop all business operations in the State of Illinois. Because Webworks' business operations are web-based, it would be difficult, if not impossible, to limit its business to non-Illinois residents. If Webworks was required to stop its business operations for even a month, it could stand to lose $1.4 million in monthly revenue. (Bell Decl. ¶ 8.) For that reason, a successful injunction would potentially result in the closure of Webworks' national and international operations, thereby placing the amount in controversy well in excess of $5 million. (Id.)

19. A preponderance of the evidence shows that this class action is one over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2). See Shaw v. Dow Brands, Inc., 994 F.2d 364, 366 & n.2 (7th Cir. 1993) ("Defendants seeking removal may meet that burden by a preponderance of the evidence . . . which we take to mean proof to a reasonable probability that jurisdiction exists." (internal citations omitted)); Meridian Sec. Ins. Co. v. Sadowski, 441 F.3d 536, 543 (7th Cir. 2006) ("a proponent of federal jurisdiction must, if material factual allegations are contested, prove those jurisdictional facts by a preponderance of the evidence").

20. Consequently, the case may be removed to this Court by Webworks pursuant to the provisions of 28 U.S.C. § 1446 because it is a class action in which the named plaintiff "is a citizen of a State different from any defendant" and because the "matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2).

21. A copy of this Notice of Removal is being served upon Plaintiff through her attorneys of record, and filed with the Clerk of the Circuit Court of Cook County, Illinois, County Department, Chancery Division, as provided by 28 U.S.C. § 1446(d).

22. Copies of all pleadings and orders served upon the removing Defendant in state court have been attached as exhibits hereto, pursuant to 28 U.S.C. § 1446(a).

WHEREFORE, Webworks prays that the above-entitled action be removed to the United States District Court for the Northern District of Illinois.

DATED:  December 18, 2009               Respectfully submitted,


                                        By:  /s/ Randall D. Lehner

                                        Randall D. Lehner (IL Bar No. 6237535)
                                        ULMER & BERNE, LLP
                                        One North Franklin Street, Suite 1205
                                        Chicago, IL  60606
                                        Tel:  (312) 324-8000
                                        Fax:  (312) 324-8001
                                        rlehner@ulmer.com

                                        <u>Of Counsel:</u>
                                        Robert E. Mansfield
                                        Todd M. Shaughnessy
                                        Betsy Haws
                                        SNELL & WILMER, LLP
                                        15 West South Temple Street, Suite 1200
                                        Salt Lake City, UT  84101
                                        Tel:  (801) 257-1900
                                        Fax:  (801) 257-1800

                                        *Attorneys for Defendant Pacific Webworks, Inc.*

1802427v2
17999.00606

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of December, 2009, I filed the foregoing **NOTICE OF REMOVAL** electronically through the CM/ECF system, and served this Notice on the following counsel of record via United States mail, postage prepaid:

Will Haselden
Christopher Dore
KamberEdelson, LLC
350 North LaSalle, Suite 1300
Chicago, Illinois 60654
whaselden@kamberedelson.com
cdore@kamberedelson.com

      /s/ Randall D. Lehner
          Randall D. Lehner

1802427v2
17999.00606