IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| BARBARA FORD, LYNETTE BOOTH and PHILIP FAVIA, individually and on behalf of all others similarly situated,<br><br>    *Plaintiffs*,<br> v.<br><br>PACIFIC WEBWORKS, INC., a Nevada corporation, THE QUAD GROUP, LLC, a Utah limited liability company, BLOOSKY INTERACTIVE, LLC, a California limited liability company, INTERMARK COMMUNICATIONS, INC., a New York corporation,<br><br>    *Defendants*. | **Case No. 09-cv-07867**<br>*Consolidated with*: Case No. 1:11-cv-08561<br><br>Honorable Joan H. Lefkow<br><br>Magistrate Judge Morton Denlow |

### PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

  Plaintiffs Barbara Ford, Lynette Booth and Philip Favia, by and through their undersigned counsel, hereby respectfully submit the instant notice of supplemental authority in relation to their pending Amended Motion to Enforce the Parties' Stipulation of Class Action Settlement (the "Motion"). (Dkt. No. 10, Case no. 1:11-cv-08561.)

  Pending before the Court is Plaintiffs' Motion wherein they contend that the Parties have reached a valid and enforceable class action settlement agreement (the "Agreement"), despite the fact that Defendants Pacific WebWorks, Inc. and The Quad Group, LLC (collectively, "PWW"),[1] have refused to sign the document.

  PWW does not dispute that the Agreement reflects final terms agreed upon by the Parties, nor does it take issue with any of the terms of the Agreement. Rather, its only defense to the

---

[1] The Agreement is 2/3 signed as Plaintiffs and Defendant Bloosky Interactive, LLC ("Bloosky") have both signed the document, with only Pacific WebWorks (and its corporate affiliate The Quad Group) as the remaining signatory.

1

enforceability of the Agreement is that it was purportedly contingent upon a more global settlement—specifically, a release of Bloosky's indemnification claims against it related to a separate class action that *was* pending against both defendants in Alabama state court captioned, *Tompkins v. Pacific WebWorks, Inc., et al.*, Case No. CV-10-900295 (the "*Tompkins* matter")—which until recently, Bloosky had refused to provide.

However, there has been a significant and very recent development in the *Tompkins* matter that affects the pending Motion. On March 29, 2012, the parties to the *Tompkins* matter, including Bloosky and PWW, executed a settlement agreement that released all claims against Bloosky and PWW in that case and included a release by Bloosky of its indemnification claims against PWW. (*See Tompkins* Settlement Agreement and Release, a true and accurate copy of which is attached hereto as Exhibit 1.) Hence, even if the Court was inclined to accept PWW's previous arguments that the Parties' Agreement here was unenforceable because it did not include the more global resolution of claims between the parties—namely the release of Bloosky's indemnifications claims against PWW—by PWW's own arguments, considering the global resolution of claims that just occurred through settlement of the *Tompkins* matter, the Agreement in this case is now without question fully enforceable.

Accordingly, Plaintiffs Barbara Ford, Lynette Booth and Phillip Favia, respectfully request that the Court consider the instant notice in ruling on their Amended Motion to Enforce the Parties' Stipulation of Class Action Settlement, and grant that Motion in its entirety.

                                      Respectfully submitted,

Dated: April 5, 2012                    **BARBARA FORD, LYNETTE BOOTH, and PHILIP FAVIA**, individually and on behalf of all others similarly situated,

                                      By: /s/ Rafey S. Balabanian
                                               One of Plaintiffs' Attorneys

Rafey S. Balabanian (rbalabanian@edelson.com)
Benjamin H. Richman (brichman@edelson.com)
EDELSON MCGUIRE LLC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Telephone: (312) 589-6370
Facsimile: (312) 589-6378

## **CERTIFICATE OF SERVICE**

   I, Rafey S. Balabanian, an attorney, hereby certify that on April 5, 2012, I served the above and foregoing ***Plaintiffs' Notice of Supplemental Authority***, by causing true and accurate copies of such paper to be filed and served upon all parties and their counsel of record via the Court's CM/ECF electronic filing system, on this the 5th day of April, 2012.

                   /s/ Rafey S. Balabanian